

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00076-CR

_____

THOMAS SHANKS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1753190

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Thomas Shanks pled "not guilty" to the offense of failure to comply with sex-offender-registration requirements under Code of Criminal Procedure Chapter 62, *see* Tex. Code Crim. Proc. Ann. art. 62.102(b)(2), and "not true" to a repeat-offender notice alleging a July 30, 1998 felony conviction for assault on a public servant. A jury found Shanks guilty; found "true" the repeat-offender notice, which increased his punishment range to that of a second-degree felony, *see* Tex. Penal Code Ann. § 12.42(a); and assessed his sentence at 20 years' confinement and a $10,000 fine, *see id.* § 12.33.

Shanks's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion in which he avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by professionally evaluating the appellate record and demonstrating why no arguable grounds for relief exist. *See Stafford v. State*, 813 S.W.2d 503, 510–11 (Tex. Crim. App. 1991). Counsel also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).[1]

---

[1]In *Kelly*, the Court of Criminal Appeals listed additional tasks an appointed lawyer who files an *Anders* brief must perform:

> He must write a letter to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a *pro se* response and of his right to

Although Shanks obtained a copy of the appellate record and filed a pro se response to the *Anders* brief, he has not raised arguable grounds for relief. The State did not file a response but agreed with appellate counsel's evaluation in a letter to this court.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, the appellate record, and Shanks's pro se response. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the appellate record that otherwise arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 & n.6 (Tex. Crim. App. 2006) (noting

---

review the record preparatory to filing that response, and (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous. To this list we now add that appointed counsel who files a motion to withdraw and *Anders* brief must also (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

436 S.W.3d at 319 (footnote omitted). The court also required counsel to supply the appellant with the mailing address for the court of appeals. *Id.* at 320.

3

that a memorandum opinion agreeing with appellate counsel that there are no non-frivolous issues in the case is acceptable in an *Anders* appeal).

Having found that the appeal is frivolous, we grant counsel's motion to withdraw, and we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 8, 2025